**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BUD PEARMAN, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MICHAEL J. ASTRUE,** )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>)<br>**Defendant.** ) | Case No. CIV-07-589-F |

**REPORT AND RECOMMENDATION**

Bud Pearman, Jr. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying, in part, Plaintiff's application for disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr."), and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by filing his application seeking disability insurance benefits in June, 2003, alleging that difficulties with his tail bone and lower back and resulting limitations in bending and standing became disabling as of March, 2002 [Tr. 64 - 66 and 76]. Plaintiff's claims were denied initially and upon reconsideration [Tr. 44 - 46 and 48 - 49]; an Administrative Law Judge ("ALJ") then conducted an administrative hearing and concluded by subsequent decision that Plaintiff was not disabled within the meaning of the Social Security Act [Tr. 282 - 286].

The Appeals Council of the Social Security Administration reviewed this decision at Plaintiff's request and ordered that it be vacated [Tr. 288 - 289]. In ordering remand of the matter for further proceedings, the Appeals Council determined that the ALJ had failed to acknowledge or evaluate the testimony of a medical expert, Dr. Lynn, and further determined that certain new and material evidence had been submitted by Plaintiff's representative which warranted consideration. *Id.*

A second hearing was held by a different ALJ in May, 2006 [Tr. 463 - 512]; Plaintiff, a different medical expert and a vocational expert all testified. *Id.* That ALJ then issued a partially favorable decision [Tr. 28 - 38] finding that while Plaintiff was entitled to a period of disability from the time of an on-the-job accident in March, 2002 until April 7, 2003, medical improvement related to Plaintiff's ability to work occurred as of April 7, 2003, and that Plaintiff has been able to perform a significant number of jobs in the national economy since that date [Tr. 32 and 37 - 38]. The Appeals Council declined Plaintiff's request for review [Tr. 7 -11], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

## Standard of Review

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial

evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. §404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner,* 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff maintains that the ALJ erred as a matter of law by improperly evaluating the opinions of Dr. Tran, a treating physician. Plaintiff also contends that the ALJ erred in her conclusion that Plaintiff's musculoskeletal impairments did not meet or equal the criteria of any listed impairment, and finally that the ALJ's residual functional capacity ("RFC")[1] assessment and attendant step five findings are not supported by substantial evidence. Because remand is required as a result of the ALJ's failure to properly apply the treating physician rule in assessing the opinions of Plaintiff's treating physician, Dr. Tran, the undersigned has not addressed Plaintiff's remaining claims of error. *See generally Watkins v. Barnhart,* 350 F.3d 1297, 1299 (10th Cir. 2003).

**Analysis**

The ALJ determined that since April 7, 2003, Plaintiff has had the RFC to perform a wide range of light work activities [Tr. 34]. More specifically, she concluded that Plaintiff – who "uses crutches" – was capable of : (1) lifting, carrying, pushing, and pulling up to twenty pounds occasionally and up to ten pounds frequently; (2) sitting up to four hours in an eight hour workday with an hourly sit/stand option; and (3) standing and/or walking about six hours in an eight hour workday. *Id.* Plaintiff maintains that such an RFC assessment was in conflict with that of Dr. Tran, Plaintiff's treating physician, who opined, in part, that Plaintiff could only lift/carry/pull ten pounds occasionally [Tr. 345 - 346]. Dr. Tran's opinion on Plaintiff's limited capacity to lift is of particular importance in light of the testimony of the vocational expert that the jobs

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. § 405.1545 (a) (1).

4

identified by the ALJ as suitable for Plaintiff [Tr. 37] would be precluded if Plaintiff had a ten pound weight restriction [Tr. 510 - 511].

Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an ALJ when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. *Watkins,* 350 F.3d at 1300. The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. *Watkins,* 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." *Id.* If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins,* 350 F.3d at 1300.

Once the ALJ determines that a treating source opinion is not entitled to controlling weight, she must consider the weight she does give to such opinion "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id*. "Those factors are:

(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id.* at 1300-1301. If she rejects the opinion completely, the ALJ must offer specific and legitimate reasons for so doing. *Id.*; SSR 96-2p, 1996 WL 374188, at *4; *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996).

Here, the ALJ provided the following discussion and analysis of opinions of Plaintiff's treating physician:[2]

> In January 2005 Joseph Tran, M.D., completed a work tolerance referral and a work tolerance report in which he showed that the claimant could stand with a medically required hand-held assistive device for ambulation; that sitting was limited as he needed to periodically alternate sitting and standing; and that he was capable of occasionally lifting and/or carrying up to 10 pounds. Although provided an opportunity to do so, Dr. Tran did not state the total number of hours the claimant could stand or walk in an 8-hour workday. Dr. Tran did not provide objective test results or other objective medical evidence in support of his conclusions, and he reported "partial permanent disability." This is not a term used to define "disability" under applicable provisions of the Social Security Act.

[Tr. 33 (record reference omitted)]. The ALJ also referenced Dr. Tran's opinions in conjunction with her remand-mandated discussion of the testimony of Dr. Lynn, the medical expert at Plaintiff's first administrative hearing:

---

[2]Through its remand order, the Appeals Council specifically stated that Dr. Tran's statements constituted new and material evidence that should be evaluated by the ALJ [Tr. 289].

6

> In accordance with the Order of the Appeals Council, the Administrative Law Judge considered the testimony of Thomas Lynn, M.D., the medical expert who testified at the prior hearing. Said testimony was considered in light of the other medical evidence and the record as a whole. Although all medical opinions were carefully considered, Dr. Lynn's testimony was afforded more weight than the opinions of Dr. Tran, as Dr. Lynn's opinions were based on objective test results and other objective medical findings. The claimant has received little medical attention for physical problems since he was released to return to work on April 7, 2003.

*Id.*

The ALJ's first responsibility in applying the treating physician rule in this matter was to determine whether Dr. Tran's opinions were well-supported by medically-accepted techniques. *Watkins,* 350 F.3d at 1300. At this step of the sequential process, the ALJ found that Dr. Tran "did not provide objective test results or other objective evidence in support of his conclusions[.]" [Tr. 33]. The ALJ was referring to the opinions reached by Dr. Tran in responding to what appears to have been a request from the Department of Human Services of the State of Oklahoma regarding Plaintiff's ability to participate in the TANF Work Program [Tr. 343 - 346]. On the forms provided by the State, Dr. Tran was asked to base his opinions on the evidence in his files and to "cite specific clinical and laboratory findings[.]" [Tr. 345]. In apparent response to this request, Dr. Tran noted "narrowing of lower lumbar/calcium deposit along spinal canal." [Tr. 346]. Because – contrary to the ALJ's statement – Dr. Tran did provide a specific clinical/laboratory finding in support of his conclusions, it is impossible to determine on review whether the ALJ simply missed this information or if she considered it but dismissed it as inadequate. Moreover, the ALJ's decision fails to make any reference to Dr. Tran's treatment notes of record regarding his physical examination of Plaintiff which

revealed muscle spasm in the lumbrosacral area, tenderness in the sacral portion of the tail bone, back pain during the strength examination [Tr. 357], or to his review of Plaintiff's MRI report "which shows developmentally narrow lumbar spine canal with superimposed multilevel degenerative disc disease, including small central protrusion at L2-3, leading to mild central stenosis at L2-3, and L3-4 level, minimal to mild foraminal narrowing is also seen at this [sic] levels." [Tr. 356]. Substantial evidence does not support the ALJ's apparent conclusion that Dr. Tran's opinions – including his opinion that Plaintiff could lift only ten pounds occasionally – are not well-supported by medically acceptable techniques.

As to the second prong of the sequential process – whether the treating physician's opinions are inconsistent with other evidence in the record, *see* SSR 96-2p, 1996 WL 374188, at * 2 – the ALJ did not make a specific finding. The closest she came to addressing this issue was in giving the opinions of Dr. Lynn - the medical expert at the first hearing – more weight than those of Dr. Tran because they were based on objective tests and other objective findings [Tr. 33].

The record, however, contains no evidence of any objective testing conducted by Dr. Lynn nor does it contain his testimony from the first hearing which the ALJ stated that she had considered. *Id.* The only documentary evidence of record concerning Dr. Lynn's testimony is in the following summary by the Appeals Council in its remand order:

> An audit of the hearing tape reveals that the medical expert, Dr. Lynn, testified that the claimant could stand/walk up to one hour at a time or four hours out of an eight hour workday. Dr. Lynn also testified that the claimant could sit for one hour and would need to change positions stand

>or otherwise move his back in some way. Dr. Lynn further testified that the claimant is obese.

[Tr. 288]. In the absence from the record of evidence upon which the ALJ stated that she specifically relied in discounting Dr. Tran's opinions – Dr. Lynn's testimony and Dr. Lynn's objective test results – it is impossible to conclude that the ALJ's findings are supported by substantial evidence because that evidence cannot be reviewed.

In addition to lacking evidentiary support, the ALJ's assessment of Dr. Tran's opinions fails as a matter of law. After concluding that his opinions would not be given controlling weight, she failed to apply the prescribed factors in determining what weight the opinions would be given. *See Watkins,* 350 F.3d at 1300 - 1301. Moreover, if the ALJ was rejecting Dr. Tran's opinions completely, she failed to provide legitimate reasons for her decision. *See Miller,* 99 F.3d at 976. Accordingly, remand of this matter for further proceedings is necessary.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by March 31, 2008, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore*

*v. United States,* 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 11th day of March, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE